IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 08-107
)
ANDREW FRANCIS FERGUSON, JR. )

## MEMORANDUM AND ORDER OF DETENTION PENDING TRIAL

Pursuant to 18 U.S.C. §3145(b) of the Bail Reform Act, defendant Andrew Francis Ferguson, Jr. filed a motion for revocation of the detention order issued by United States Magistrate Judge Francis X. Caiazza on April 28, 2008. In accordance with 18 U.S.C. §3142(f), a hearing before this member of the court was held on May 19, 2008. In addition to the additional evidence and argument presented at the May 19 hearing, the court also has conducted an independent review of the transcript of the detention hearing held on April 28, 2008, before the magistrate judge and has considered a report received from Pretrial Services in regard to defendant. Based on the developed record, the court makes the following findings of fact and concludes that the detention of defendant pending trial is required under the Bail Reform Act.

### Findings of Fact

1) Defendant has been charged in an indictment with the offense of conspiracy to distribute and possess with the intent to distribute one hundred (100) grams or more of heroin, which

carries a penalty of not less than 5 years to 40 years imprisonment. See 21 U.S.C. §841(b)(1)(B)(i). Accordingly, a rebuttable presumption arises that no condition or combination of conditions of release will reasonably assure defendant's appearance as required and the safety of the community, the latter of which is at issue in this case. 18 U.S.C. §3142(e).

2) Defendant has not rebutted this presumption because he has not produced credible evidence that, if released, he will not pose a threat to the safety of the community.

3) The charges in the indictment arose as a result of an investigation of co-defendant James Davis and his heroin trafficking organization. Evidence of intercepted telephone conversations between Davis and defendant indicates that defendant offered to procure ammunition for Davis and he was involved in packaging heroin for distribution.

4) Defendant's criminal history includes arrests for a firearms offense, resisting arrest, reckless endangerment, simple assault and driving while intoxicated.

5) The conduct which gave rise to the instant offense is alleged to have been committed by defendant while he was on probation for a conviction of driving while intoxicated, which demonstrates defendant's inability to refrain from continued criminal activity even while under court supervision.

6) The court does not find compelling defendant's proffer that if he is released pending trial, he could reside with his mother or be placed at a facility with work release privileges and

AO 72
(Rev. 8/82)

obtain employment. Such an arrangement would allow defendant to be free from his mother's watchful eye during certain periods of time, and an alternative living arrangement with work release privileges would present defendant with ample opportunity to engage in drug trafficking.

7) Defendant has not presented any evidence to indicate that the community will be safe from his dealings in controlled substances if he is released pending trial.

## Reasons for Order of Detention

Based on the foregoing findings of fact, the court finds by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community if defendant is released pending trial. Defendant has not rebutted the statutory presumption that he is a danger to the community. 18 U.S.C. §3142(e). Indeed, as the court stated on the record, the evidence adduced supports the presumption.

The evidence shows that defendant has an arrest history that involves firearms and other violent criminal activity, and that he has continued his pattern of criminal conduct despite having been on probation in state court. Moreover, the factors advanced by defendant in support of release, such as his ability to obtain employment, already have existed during the time period he allegedly engaged in the conduct which gave rise to the federal charges but did not deter defendant from becoming involved in drug

trafficking. Finally, the fact that defendant is charged with an offense under the Controlled Substances Act which carries a maximum term of imprisonment of 10 years or more further supports the conclusion that there is no condition or combination of conditions which will reasonably assure the safety of the community if defendant is released pending trial. Accordingly, the following order is entered.

O R D E R

AND NOW, this 19th day of May, 2008, for the reasons set forth in the memorandum above, as well as those set forth on the record at the hearing held on May 19, 2008, IT IS ORDERED that defendant Andrew Francis Ferguson's motion for revocation of detention order (Document No. 102) be, and the same hereby is, denied; and,

IT FURTHER IS ORDERED that the April 28, 2008, detention order, including the findings of fact embodied therein, is adopted as further findings of the court to the extent that they are not inconsistent with the foregoing memorandum; and,

IT FURTHER IS ORDERED that defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and,

IT FURTHER IS ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel; and,

IT FURTHER IS ORDERED that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

*[signature]*
Gustave Diamond
United States District Judge

cc: Troy Rivetti
Assistant U.S. Attorney

William C. Kaczynski, Esq.
1208 Manor Complex
Pittsburgh, PA 15219

United States Marshal
United States Pretrial Services